FILED - MQ
November 2, 2009 10:57 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: cam /

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| THE DETOUR DOCK COMPANY,<br>4199 Kinross Lakes Parkway, Suite 300<br>Richfield, Ohio 44286<br><br>        Plaintiff,<br><br>v.<br><br>M/V ARTHUR K. ATKINSON, ITS<br>ENGINES, TACKLE, APPAREL,<br>FURNITURE, EQUPMENT, ETC. *In Rem*,<br><br>        and<br><br>SCOTLUND STIVERS<br>117 W. 19th St.<br>Sault Ste. Marie, MI 49783<br><br>        and<br><br>KEYSTONE OIL, LLC<br>c/o Nicholas Thimis<br>its President and Statutory Agent<br>312 N. Main Street<br>Kewaunee, WI 54216<br>    and<br>26 Steeple View Court<br>Lambertville, NJ 08530<br><br>        Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO.<br><br>**2:09-cv-237**<br>Gordon J. Quist, U.S. District Judge<br>Timothy P. Greeley, U.S. Magistrate Judge<br><br>JUDGE |

**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* IN
ADMIRALTY AND ALTERNATIVELY FOR INJUNCTIVE RELIEF**

Plaintiff, The Detour Dock Company (hereinafter "DETOUR DOCK"), through its General Counsel Thomas M. Wynne, for its Verified Complaint in Admiralty against Defendants the M/V ARTHUR K. ATKINSON (Official No. 214656) its engines, tackle, apparel, furniture, equipment and all other necessaries thereunto appertaining and belonging, etc. (hereinafter "ATKINSON"), *in rem*, and Scotlund Stivers (hereinafter "STIVERS") and Keystone Oil, LLC (hereinafter "KEYSTONE") *in personam*, states as follows:

### NATURE OF CASE

1.  This is a maritime action to recover damages incurred by DETOUR DOCK arising out of unpaid wharfage and related charges owed by STIVERS, KEYSTONE and the ATKINSON to DETOUR DOCK, and alternatively, should this matter not result in the prompt sale of the ATKINSON, for injunctive relief in the form of a Court order requiring STIVERS to promptly remove the ATKINSON from DETOUR DOCK's dock.

### THE PARTIES

2.  DETOUR DOCK is a corporation organized and existing pursuant to the laws of the State of Ohio, and is registered as a foreign corporation in the State of Michigan. DETOUR DOCK owns property and a commercial dock and docking facilities on the St. Mary's River in Chippewa County, Michigan. The dock is attached to property known as 1900 South Spring Bay Road, DeTour Village, Michigan 49725, and was formerly used as a coal dock for the purpose of fueling Great Lakes bulk carriers that traded throughout the Great Lakes.
3.  The ATKINSON is a train car ferry that was launched in 1917. The ATKINSON is 384' in length, is 3,241 gross registered tons, and is and at all relevant times has been owned by STIVERS.

4. STIVERS is an individual that resides at 117 W. 19th St., Sault Ste. Marie, Michigan, 49783, and is the owner of the ATKINSON.

5. KEYSTONE is a limited liability Company organized and existing under but delinquent pursuant to the laws of the State of Wisconsin.

6. Upon information and belief, KEYSTONE's President and Statutory Agent is Nicholas T. Thimis, who now resides in Lambertville, NJ.

## JURISDICTION AND VENUE

7. The subject matter of this action is within the admiralty and maritime jurisdiction of this Honorable Court, and the Court has jurisdiction over this action pursuant to 46 U.S.C. §31342 and 28 U.S.C. §1333. The claims giving rise to this action are admiralty and maritime claims within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure, and the Supplemental Rules for Certain Admiralty and Maritime Claims.

8. The ATKINSON is now, and is during the pendency of this action expected to be, located on the navigable waters of the United States within this District, and is therefore subject to this Court's *in rem* jurisdiction.

9. Defendant STIVERS is subject to the personal jurisdiction of this Court as he resides within this District. He is further subject to the personal jurisdiction of this Court by reason of having transacted business within the State of Michigan and within this District, by reason of owning tangible personal property within the State of Michigan and within this District, and through his acts and omissions, within the State of Michigan and within this District, all giving rise to the breach of contract and tortious injuries of which DETOUR DOCK complains herein.

10. Defendant KEYSTONE is subject to the personal jurisdiction of this Court by

3

reason of having transacted business within the State of Michigan and within this District, and by reason of having caused, through its acts and omissions, within the State of Michigan and within this District, the breach of contract of which DETOUR DOCK complains herein.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that STIVERS resides in this District, and in that a substantial part of the events giving rise to this claim occurred within this district, and by reason of *in rem* jurisdiction of the ATKINSON in this District.

## FACTS COMMON TO ALL COUNT

12.    In the fall of 2003, STIVERS, both as the sole owner of the ATKINSON, and upon information and belief as a member of or part owner of KEYSTONE, contacted DETOUR DOCK and requested permission to temporarily moor the ATKINSON at DETOUR DOCK's dock.

13.    Following negotiations between STIVERS and DETOUR DOCK, it was agreed between STIVERS, KEYSTONE OIL and DETOUR DOCK that STIVERS could temporarily moor the ATKINSON at DETOUR DOCK's dock in exchange for payment of wharfage by KEYSTONE at the rate of $1,000 per month, KEYSTONE's agreement to assume all risks and liabilities associated with the berthing arrangement, and the agreement that STIVERS would remove the ATKINSON from the dock no later than midnight June 30, 2004.

14.    On or about November 6, 2003, a Berthing Agreement between Keystone Oil and DETOUR DOCK setting forth the terms and conditions of the wharfage arrangement was executed by both parties. (Copy of Berthing Agreement and fax cover sheet evidencing that the executed Agreement was transmitted by STIVERS is attached as Exhibit A)

15.    On or about November 26, 2003, STIVERS had the ATKINSON towed by David

4

Kadinger Marine Service, Inc. from its former berth in Ludington, Michigan to DETOUR DOCK's dock, where it has remained ever since.

16.     It was alleged that STIVERS failed to pay the tow bill owed to David Kadinger Marine Service, Inc., resulting in litigation in this Court before the Honorable David W. McKeauge, said case bearing Case No. 2:04-cv-024.

17.     Between February and June of 2004, a total of six (6) months of wharfage was paid to DETOUR DOCK by or on behalf of STIVERS and the ATKINSON. No additional payments have been made since.

18.     STIVERS failed to remove the ATKINSON from DETOUR DOCK's dock by the contractual deadline of June 30, 2004.

19.     Unpaid wharfage owed to DETOUR DOCK, together with interest at the statutory rate, totals $73,688.98 through the end of October, 2009, and will continue to grow every month until the ATKINSON is removed from DETOUR DOCK's dock.

20.     DETOUR DOCK has repeatedly requested and demanded that STIVERS remove the ATKINSON from its dock but despite those repeated requests and demands, STIVERS has refused to move the ATKINSON, which remains at DETOUR DOCK's dock.

21.     A company affiliated with DETOUR DOCK, The Interlake Steamship Company ("Interlake"), owns and operates a fleet of self-unloading bulk carriers upon the Great Lakes.

22.     In September of 2009, DETOUR DOCK and its affiliate Interlake needed to utilize the dock space occupied by the ATKINSON for the purpose of mooring one of Interlake's vessels, the *John Sherwin*, that was not in service.

23.     The ATKINSON was and remains under an order issued by the United States Coast Guard Captain of the Port of Sault Ste. Marie, Michigan, said order prohibiting the

ATKINSON from moving until all oily wastewater was removed from the vessel and the United States Coast Guard approved the tow plan.

24. The United States Coast Guard required that the oily wastewater in the ATKINSON be removed before the ATKINSON could even be shifted to another location at DETOUR DOCK's dock.

25. DETOUR DOCK, while all along continuing to demand that STIVERS move the ATKINSON from its dock, advised STIVERS that it needed to shift the ATKINSON to another area on the dock and that the oily wastewater needed to be removed from the ATKINSON, but STIVERS did not have the financial ability to comply with the United States Coast Guard's requirements and consequently, STIVERS failed to comply with the United States Coast Guard's order to remove the oily wastewater from the ATKINSON's bilges.

26. DETOUR advised STIVERS that it was going to make arrangements to have the oily wastewater removed from the ATKINSON and advance the funds to do so, all on behalf of and at the risk and ultimate expense of STIVERS and the ATKINSON, so that it could then shift the ATKINSON to make room for the *John Sherwin*.

27. DETOUR DOCK made such arrangements, and the oily wastewater was removed from the ATKINSON by a licensed, qualified and insured contractor at great expense to DETOUR DOCK.

28. The ATKINSON was subsequently shifted to another location on DETOUR DOCK's dock at great expense to DETOUR DOCK, and the *John Sherwin* was moored in its place.

## COUNT I
## BREACH OF MARITIME CONTRACT

### CLAIM FOR DAMAGES AGAINST DEFENDANTS
### KEYSTONE, STIVERS AND THE ATKINSON *in rem*

29. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully set forth at length herein.

30. The Berthing Agreement between KEYSTONE and DETOUR DOCK with respect to the temporary mooring of the ATKINSON constituted a maritime contract.

31. KEYSTONE breached that contract by failing to pay wharfage as agreed, by failing to pay the costs associated with and related to the ATKINSON, and by failing to remove the ATKINSON from DETOUR DOCK's dock by the June 30, 2004 deadline.

32. That maritime contract, one for "necessaries" to be provided to the ATKINSON by DETOUR DOCK, was negotiated by STIVERS.

33. STIVERS, as owner of the ATKINSON, is presumed pursuant to 46 U.S.C. § 31341 to have had authority to procure necessaries such as wharfage for the ATKINSON.

34. By virtue of furnishing necessaries including but not limited to wharfage, towage and the removal of oily wastewater to the ATKINSON, DETOUR DOCK obtained maritime liens against the ATKINSON, which remains liable *in rem* to DETOUR DOCK for all of the necessaries provided it by DETOUR DOCK.

35. As owner of the ATKINSON, STIVERS remains liable to DETOUR DOCK for unpaid wharfage, towage, the removal of oily wastewater furnished to the ATKINSON and all of the other expenses incurred by DETOUR DOCK due to the unwelcome ATKINSON.

## COUNT II
## QUANTUM MERUIT

**CLAIM FOR DAMAGES AGAINST STIVERS**

36. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully set forth at length herein.

37. By permitting STIVERS to moor the ATKINSON at its dock, by removing the oily wastewater from the bilges of the ATKINSON, and by providing towage to shift the ATKINSON at the dock, DETOUR DOCK conferred multiple benefits upon STIVERS and the ATKINSON.

38. Those benefits were known to and accepted by STIVERS as the sole owner of the ATKINSON.

39. It would be entirely inequitable for STIVERS to retain the benefits conferred upon the ATKINSON by DETOUR DOCK without paying DETOUR DOCK for their value.

40. STIVERS is liable to DETOUR DOCK for unpaid wharfage and the reasonable costs incurred by DETOUR DOCK in removing oily wastewater from the vessel's bilges and moving the ATKINSON across the slip to a new location at the dock, and all other expenses incurred by DETOUR DOCK due to the unwelcome ATKINSON's presence at its dock.

## COUNT III – CLAIM IN TORT
## FOR NEGLIGENT OR INTENTIONAL MISREPRESENTATION
## AND FRAUDULENT INDUCEMENT

**CLAIM FOR DAMAGES AGAINST KEYSTONE AND STIVERS**

41. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 40 as if fully set forth at length herein.

42. By entering into the Berthing Agreement with Plaintiff, STIVERS and

8

KEYSTONE made express representations to Plaintiff concerning their ability comply with the terms of the Agreement, including but not limited to their ability to pay certain obligations including wharfage, and concerning their ability to remove the ATKINSON from DETOUR DOCK's dock by midnight on June 30, 2004.

43. KEYSTONE's and STIVERS' representations concerning their solvency, financial position and ability were material in DETOUR DOCK's decision to enter into the Berthing Agreement and to allow the ATKINSON to tie up at its dock, and DETOUR DOCK relied on those representation in entering into the Berthing Agreement.

44. KEYSTONE and STIVERS misrepresented their solvency, financial position and abilities to DETOUR DOCK when they negotiated and entered into the Berthing Agreement, fraudulently inducing DETOUR DOCK into entering into the Berthing Agreement.

45. Contrary to KEYSTONE's and STIVERS' express representations, they were not in financial positions to fulfill their obligations under the Berthing Agreement, as evidenced by their almost immediate inability to make the scheduled payments to DETOUR DOCK and their failure to remove the ATKINSON from the dock as agreed.

46. Additionally, STIVERS failed to disclose to DETOUR DOCK during negotiation of the Berthing Agreement that he was obligated to move the ATKINSON from its former berth, a dock owned by Lake Michigan Carferry, as part of a settlement of the lawsuit brought against Stivers by Lake Michigan Carferry to recover unpaid dockage dating back several years.

47. At the time KEYSTONE and STIVERS made those representations to DETOUR DOCK, they knew or should have known that they were not in financial positions to fulfill their obligations under the Berthing Agreement.

48. KEYSTONE's and STIVERS' intentional or negligent misrepresentations

9

fraudulently induced DETOUR DOCK into entering into the Berthing Agreement and proximately caused DETOUR DOCK to incur damages, and KEYSTONE and STIVERS are liable to DETOUR DOCK for unpaid wharfage and the reasonable costs and expenses that DETOUR DOCK has incurred in connection with the ATKINSON.

**COUNT IV – CLAIM IN TORT
FOR TRESPASS**

**CLAIM FOR DAMAGES AGAINST STIVERS AND
KEYSTONE OIL**

49.     Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 48 as if fully set forth at length herein.

50.     STIVERS and KEYSTONE were under a contractual deadline to remove the ATKINSON from DETOUR DOCK's dock by no later than midnight June 30, 2004.

51.     By failing to remove the ATKINSON from DETOUR DOCK's dock by that deadline, and continuously ignoring DETOUR DOCK's requests that he remove the ATKINSON from the dock for more than five years, STIVERS and KEYSTONE caused the ATKINSON to remain at DETOUR DOCK's dock against DETOUR DOCK's wishes and without DETOUR DOCK's permission.

52.     DETOUR DOCK has suffered damages relating to the impermissible and unauthorized mooring of the ATKINSON at its dock, including but not limited to unpaid wharfage, the cost associated with removing oily wastewater, towage and other expenses for which STIVERS and KEYSTONE are liable *in personam* and the ATKINSON is liable *in rem*.

### COUNT V – ALTERNATIVE CLAIM FOR INJUNCTIVE RELIEF AGAINST STIVERS

53. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 52 as if fully set forth at length herein.

54. STIVER's vessel the ATKINSON remains at DETOUR DOCK's dock without the permission of and against the desires of DETOUR DOCK.

55. DETOUR DOCK has and will continue to suffer damages relating to the impermissible mooring of the ATKINSON at its dock until such time as the ATKINSON is moved from the dock.

56. Pursuant to other counts in this Complaint, DETOUR DOCK seeks to enforce its maritime liens against the ATKINSON and seeks the Court's order to arrest and foreclose upon the ATKINSON and to have the ATKINSON sold at public auction.

57. Alternatively, DETOUR DOCK seeks an injunction enjoining defendant STIVERS from mooring the ATKINSON at DETOUR DOCK's dock, and ordering STIVERS to immediately and promptly move the ATKINSON from DETOUR DOCK's dock.

**WHEREFORE**, Plaintiff DETOUR DOCK respectfully requests that this Honorable Court enter judgment on this Complaint in favor of the Plaintiff and enter the following Orders and Decrees:

    a. A warrant for the arrest *in rem* of the M/V ARTHUR K. ATKINSON (Official No. 214656) in due form of law, according to the practices of this Court in admiralty and maritime jurisdiction, and an order and notice that all persons claiming any interest therein appear and answer to this verified complaint;

    b. Alternatively, injunctive relief against STIVERS in the form of an order

       requiring STIVERS to immediately move the ATKINSON from DETOUR DOCK's dock;

c.    A judgment against STIVERS and KEYSTONE *in personam* and against the M/V ARTHUR K. ATKINSON *in rem* for all damages incurred by DETOUR DOCK;

d.    DETOUR DOCK's reasonable attorneys' fees and costs of this action;

e.    Pre-judgment and post-judgment interest;

f.    Punitive damages against KEYSTONE and STIVERS; and

g.    Such other and further relief as the Court deems just and proper.

Dated:   October 30, 2009                     Respectfully submitted,

                                                     /s/ Thomas M. Wynne
                                                     Thomas M. Wynne (Ohio 0063745)
                                                     twynne@interlake-steamship.com
                                                     General Counsel
                                                     The Detour Dock Company
                                                     4199 Kinross Lakes Parkway, Suite 300
                                                     Richfield, Ohio 44286
                                                     Telephone:   (330) 659-1428
                                                     Telefax:       (330) 319-8470

                                                     *Attorney for The Detour Dock Company*

**VERIFICATION**

       Robert F. Dorn deposes and says that he is the Vice President of The Detour Dock Company, the plaintiff herein; that he has read the foregoing complaint and knows the contents thereof; and to the best of his knowledge the same is true, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint are documents, records, and other information provided to him in the course of his duties with plaintiff corporation.

I declare under penalty or perjury, pursuant to 28 U.S.C. §1746, that the foregoing is true and corrected.

*Robert F. Dorn*
Robert F. Dorn
Vice President
The Detour Dock Company

Sworn to before me this 30th day of October, 2009, in the County of Summit, State of Ohio.

*Joe Surely*
Notary Public

Notar... ...Y
Nota... ... Cuy. Cty.
My ... ... 2011