UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

THE DETOUR DOCK COMPANY,

       Plaintiff,

                                                  Case No. 2:09-cv-237

v.

                                                  CONSENT CASE

THE VESSEL ARTHUR K. ATKINSON,
et al.,

       Defendants.

_____/

## OPINION

      Plaintiff The Detour Dock Company, an Ohio corporation, owns property, a commercial pier and docking facilities on the St. Mary's River in Chippewa County, Michigan. The dock is located and attached to property in DeTour Village. Defendant M/V Arthur K. Atkinson is a train car ferry which is 384 feet long and 3, 241 gross registered tons. The ferry was first launched in 1917 and has been owned by defendant Scotlund Stivers since 2001. The ferry was moved to plaintiff's dock for temporary mooring in November 2003, for a fee of $1,000.00 per month. During the Spring of 2004, the company which towed the ferry to plaintiff's dock filed suit against defendants to recover fees associated with the towing. The litigation resulted in the maritime arrest of the ferry until a settlement was entered in 2006. Plaintiff has demanded that the ferry be moved from the dock since the Spring of 2004. Defendant Stivers has informed plaintiff that financial constraints have prevented the removal of the ferry. In the Spring of 2010, defendant Stivers received financing of two million dollars. Plaintiff believes that part of the financing was to remove the ferry from their docks. However, defendant Stivers used the money to purchase tug boats.

Defendant Stivers is currently facing criminal charges in Circuit Court in Cheboygan, Michigan, arising out of pollution discharges from those tug boats.  Plaintiff has asserted that Stivers owes a personal debt to approximately twenty different individuals in the amount of three million dollars.

The ferry's movement is restricted by the United States Coast Guard Captain of the Port.  Plaintiff needed to move the ferry to a new location less than 100 feet away in order to dock a vessel owned by its sister company.  The United States Coast Guard required first that the ferry's oily bilges needed to pumped out and internal cleaning had to be completed.  Plaintiff engaged the services of U.P Environmental Services and Wellington Maritime, Inc., to accomplish this task at costs of $49,570.00 and $12,468.50.  Plaintiff claims that unpaid dockage fees, exclusive of interest, since April 2011 total $84,000.00.  There are also fees from the U.S. Marshal Service relating to the custodial arrest outstanding in the amount of $16,500.00.  Plaintiff believes that the value of the ferry is less than the outstanding debt owed.

Plaintiff moves for summary judgment or alternatively, for interlocutory sale of the M/V Arthur K. Atkinson.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

251-52 (1986).  Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.  *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).  However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson*, 477 U.S. at 251-52.  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff has established that defendants owe unpaid wharfage fees and costs associated with the use of plaintiff's dock.  The United States Supreme Court has previously held that the storage and maintenance of a boat at a marine on navigable waters has a substantial relationship to a "traditional maritime activity."  *Sisson v. Ruby*, 497 U.S. 358, 365 (1990).  In addition, Justice Scalia noted that a vessel engages in traditional maritime activity when it navigates, when it lies in dock, and "when it does anything else (*e.g.,* dropping anchor) that vessels normally do in navigable waters."  *Id.* at 374 (concurring op.).  Under 46 U.S.C. § 31342 "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner . . . has a maritime lien on the vessel."   It is undisputed that wharfage is a maritime necessity that can give rise to a lien.  Defendants agreed to play plaintiff for wharfage and docking fees.  Defendants only paid $6,000.00 for docking fees. There exists $84,000.00 in outstanding dockage fees that defendants had agreed to pay plaintiff.  Defendants have not contested this amount or presented any evidence to the contrary that this debt is owed to plaintiff.

Further, plaintiff was required by the United States Coast Guard to undertake the removal of oily slops from the Atkinson, clean machinery spaces, and provide a tow plan to move the Atkinson to a different pier. Plaintiff has shown with the outstanding dockage fees and other costs that it has a maritime lien of $146,038.50 plus interest against defendants. Defendants have not challenged plaintiff's summary judgment motion and have not presented any contrary argument or evidence. Defendants have simply made a blanket statement that this matter should proceed to trial. Defendants are required to present some evidence that could contradict plaintiff's supported summary judgment motion. Defendants have not met their burden in responding to plaintiff's motion.

In addition, plaintiff has shown that it expended $16,500.00 for United States Marshal Service fees for service and execution of process upon the Atkinson. Defendants have not challenged plaintiff's requests for recovery of those fees.

Accordingly, plaintiff's motion for summary judgment is granted and plaintiff is entitled to judgment in the amount of $162,538.50 plus interest.

A Judgment consistent with this Opinion will enter.


 /s/ Timothy P. Greeley_____
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:  June 22, 2011